**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FT. MYERS DIVISION**

JAMES GOMORY, Individually, and on behalf
of All Others Similarly Situated Who Consent
to Their Inclusion in a Collective Action;

        Plaintiff,

v.                                      Case No.:

CITY OF NAPLES,

        Defendant,
_____/

### COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JAMES GOMORY, Individually, and on behalf of All Others Similarly Situated

Who Consent to Their Inclusion in a Collective Action, hereby files this Complaint against

Defendant, CITY OF NAPLES, a municipality ("City") and alleges as follows:

### INTRODUCTION

1.     Plaintiff brings this collective action for overtime compensation and other relief under the

Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et. seq.,* on behalf of himself, and on

behalf of others similarly situated, current and former hourly, non-exempt police officers

of the Naples Police Department ("Officers").

2.     Plaintiff seeks to represent a collective class of non-exempt Officers who were unlawfully

denied the lawfully correct payment for overtime wage compensation as a result of

Defendant's common practice and policy of only using the officers' base pay as the regular

rate of pay from which the overtime wage rates are calculated.

3.     Plaintiff, and similarly situated employees are, and at all times relevant, were non-exempt

employees under the FLSA as they was performing non-exempt office work.  Plaintiff, and

the class of similarly situated officers regularly worked in excess of 40 hours per week and were not paid overtime wages at the correct, lawful rates, by Defendant's failure to include in the regular rate of pay calculation, numerous bonus payments or other non-discretionary income. Plaintiff, and the class of similarly situated employees, have suffered damages as a consequence over a 3 year period of time as a result of Defendant's willful failure to properly calculate the overtime rates.

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §§ 1331 and 1337 and 29 U.S.C. § 215(a)(3) because this action involves a federal question under the Fair Labor Standards Act.

5.     Venue is appropriate here in the Ft. Myers Division of the Middle District of Florida pursuant to 28 U.S.C. 1391(b) because the Defendant operates as a municipality and department of a municipality in this District and the acts complained of occurred in the City of Naples, Florida.

6.     Plaintiff is a resident of Naples, Florida.

7.     The Naples Police Department is the sole law enforcement department for the City of Naples, and upon information and belief employs upwards of 500 or more hourly paid officers.

8.     At all times material hereto, City was the Plaintiff's "employer" as defined pursuant to the FLSA (29 U.S.C. § 203(e)(1)).

9.     All conditions precedent to the filing of this action have been performed.

## THE PARTIES

### The Representative Plaintiff

10.  **Plaintiff, James Gomory,** is a resident of Naples, Florida.  Plaintiff is currently employed by the City as an hourly paid police officer, and has served in this capacity for greater than ten years.  Plaintiff's primary job duty is to serve the community as a civil servant, enforcing the laws and protecting the citizens from those who seek to violate the laws.

11.  At all times material hereto, Plaintiff was a non-exempt employee paid on a weekly basis for a 40 hour per week job, and at all times material hereto treated as a non-exempt employee under the FLSA, and as set forth in the related collective bargaining agreement "CBA".

12.  Plaintiff was eligible for, and did receive, additional weekly compensation in the form of longevity pay and other non-discretionary routine compensation in addition to his base salary.  Plaintiff, as well as all Officers were paid by the City according to a common and uniform, non-discretionary bonus structure and salary structure applicable to all officers.

13.  Plaintiff earned and did receive additional compensation on a weekly basis as reflected in his paychecks.

14.  Plaintiff, and the class of similarly situated also received and/or were eligible to receive additional compensation paid on a year-end basis, which was not included in the calculation of the regular rates of pay or the overtime rates paid.

### The Defendant

15.  **Defendant, CITY OF NAPLES,** is a public municipality with principal offices located at 355 Riverside Cir. Naples, FL 34102.  Defendant may be served through its designated Mayor or City Commissioners located at 735 Eighth St. S. Naples, FL 34102.  The City is

owns, operates and manages its own police department under the names:  Naples Police Department (NPD).

16.     NPD, upon information and belief, employees upwards of 500 police officers, and within the past 3 years, may have employed upwards of 1000 officers.

## COVERAGE UNDER THE FLSA

17.     Defendant qualifies for and is subject to both traditional and enterprise coverage under the FLSA for all the relevant time periods contained in this Complaint.  Said differently, Defendant is subject to the FLSA.

18.     During the times relevant to this Complaint, the City is a public agency, and has employed more than 1000 or more employees in the NPD and as a municipality, is subject to the FLSA.

19.     At all relevant times Defendant has been and continues to be a public agency and an employer within the meaning of FLSA 29 U.S.C. §§ 206(a) and 207(a).

20.     Defendant employed Plaintiff, and the class of similarly situated as employees within the meaning of the FLSA § 203.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

21.     This collective action includes all employees similarly situated to Plaintiff, who were and continue to perform their duties as non-exempt, hourly paid law enforcement officers, firemen and paramedics however variously titled, who worked in excess of forty (40) hours in one or more workweeks on or after August 3, 2012 to the present and continuing, who did not receive the legally required overtime compensation at rates of one and one half times their regular rates of pay as a result of  Defendant's failing to include non-discretionary bonuses, incentive pay, and additional, non-discretionary compensation in

the calculation of the employees' regular rates of pay and the overtime wages paid. (collectively the "Putative Class").

22.    At all times material hereto, Plaintiff and similarly situated officers in the Putative Class were performing their duties for the benefit of and on behalf of NPD, managed and controlled by the City.

23.    During the three (3) year statute of limitations period between August 2012 through the present, Plaintiff and the other similarly situated current and former Officers of the Putative Class regularly worked in excess of forty (40) hours per week, and were incorrectly paid for their overtime wages.

24.    At all material times to this Complaint, NPD utilized policies and/or practices of willfully miscalculating the employee's regular rate by failing to include all required remuneration or compensation in the calculation of the regular rate of pay, and thereby underpaying the overtime rates and total compensation owed to Plaintiff and the class of similarly situated employees.

25.    Plaintiff and other officers questioned the City about the correctness of their overtime pay practices, but were misinformed by the City that this was the correct procedure.

26.    Plaintiff and similarly situated Officers were discouraged from questioning the City about this miscalculation and underpayment of their overtime wages in order to save the City of Naples hundreds of thousands of dollars each year in labor costs, and avoid the time and effort, as well as labor costs involved with calculating the correct regular rates of pay.

27.    At all material times to this Complaint, the City utilized policies and/or practices of knowingly and willfully failing to include non-discretionary incentive awards, longevity pay and/or bonuses in the calculation of the Officer's overtime compensation as required

under the FLSA, thus UNDERPAYING Plaintiff and the class of similarly situated Officers for any overtime hours worked.

28.    Defendant knew or should have known that the failure to include the value of all bonuses or incentive awards in the calculation of the regular rate of pay and in the overtime rates paid was an unlawful pay practice under the FLSA.

29.    Defendant willfully chose to underpay Officers overtime wages, and failed to have a good faith basis for its unlawful pay practices, as the city employees' attorneys, and any attorney familiar with the FLSA would advise the City they were underpaying paying Officers for overtime hours worked.

30.    Upon information and belief, the records of the compensation actually paid to Plaintiff and the class of similarly situated Officers, is in the possession, custody and control of NPD.

31.    For purposes of calculating overtime pay, section 7(e) of the FLSA provides that non-discretionary bonuses, as well as all other salaries and remuneration must be included in the "regular rate of pay."  Non-discretionary bonuses include those that are announced to employees to encourage them to work more steadily, rapidly or efficiently, and bonuses designed to encourage employees to remain with a facility.  SEE 29 CFR 778.108.

32.    The proposed Putative Class is defined as follows:  **"All persons currently employed by the City of Naples or who were employed within three (3) years preceding the filing of this Complaint as Police Officers or support personnel (law enforcement employees) employed with the Naples Police Department under other titles performing civil servant type duties, who worked over 40 hours in any work week and who consent to their inclusion in this collective action."**

33.   Defendant required Plaintiff and the class of similarly situated employees to follow standardized, uniform policies, procedures and protocols applicable to all of their locations, and to all the officers and fire and rescue employees in a standardized manner.

34.   All employees were paid overtime wages according to City policies applicable to all officers and fire and rescue employees, such that the City calculated the regular rates of pay for both using the same improper manner applicable to the entire putative class.

35.   The unlawful pay practices alleged herein are not addressed nor subject to any arbitration clauses as they fall outside of the scope of the CBA.

36.   The unlawful pay practices were brought to the attention of the City in 2013, when in November, 2013, Sgt. Michael Herman notified Human Resources director Denise Perez of a potential problem with the manner in which the City of Naples was computing overtime for employees.

37.   During the meeting, Perez admitted that the incentive pay was required to be included in the regular rate of pay calculations.

38.   Sgt. Herman also asked Ms. Perez during the same communication about the inclusion of "Longevity Payments." Ms. Perez stated the city was asking for a legal opinion on this payment.

39.   Finally, Herman also questioned Perez about the failure to include year-end incentive compensation paid out in lump sums in the regular rate of pay and overtime rate calculations.

40.   During a training seminar for City Supervisors, Mr. Brown lead a discussion about the calculation of the regular rate of pay under the FLSA, and specifically discussed the issues of the following additional sources of compensation which employees received, including:

Annual educational bonuses given to employees for achievement of certain educational accomplishments; Longevity bonuses paid to employees for remaining with the employer; Extra money provided to employees for the performance of certain duties.

41.   On January 6, 2014 Sgt. Herman again contacted Ms. Perez to notify her that the new payroll system, Tyler-Munis, was also computing FLSA overtime in an incorrect manner.

42.   All communication with Denise Perez included FOP President Robert Young as the matter clearly impacts all police officers and sergeants.  Sgt. Young maintained contact with Ms. Perez on the matter during the following months

43.   In November, 2014, Denise Perez sends an e-mail to Sgt. Young and Sgt. Herman explaining that they have examined the codes and they are all set correctly, but acknowledges that in looking at "actual payroll calculations there **MAY** be an issue."

44. On March 9, 2015 Robert Young forwarded an e-mail to Sgt. Herman which he had received from Denise Perez.  The e-mail was originally written by Denise Perez and addressed to Tom Eaton, Charlotte O'Bryon and Linda Bevard.  In the e-mail, Ms. Perez lists multiple payroll codes which "need to be included in the calculation of overtime."  This list includes: 700 incentive Pay, 610-Fire and 613-Police Longevity Pay; 700 Police FTO Pay; No Code Listed Police Master Officer Pay;  750 M-F Stand-by pay; 755 S-S Stand-by pay; 760 Weekly Stand-by pay; 725 Fire ESU Supplement.

45. As of July 2015, this problem still has not been resolved.  In fact, during a recent meeting between Denise Perez, Robert Young and Buddy Bonollo, Ms. Perez said they are still trying to retrieve the information.

46. In this meeting, Ms. Perez acknowledged a problem does exist in how overtime is being calculated but it is the city's belief the problem exists only as a result of the Tyler-Munis system and therefore does not pre-date January of 2014.

47. On August 19, 2015, Denise Perez, HR DIRECTOR of the City of Naples admitted that the new Enterprise Resource System (Tyler-Munis) which was instituted in 2013 failed to capture and include in the calculation of the regular rates of pay and overtime compensation rates the annual bonuses paid to employees.

48. Perez represents that the City will conduct an audit from November 2010 through September 2015 and current the payroll of any employee, current or former that was incorrect in the payment of overtime compensation during this period.

49. Perez does not mention the City agreeing to pay the liquidated damages or whether there are other errors in the manner in which the City calculated the regular rates and overtime rates for the employees.

## COUNT I
## VIOLATION OF THE FLSA (29 U.S.C. § 207)

50.   Plaintiff readopts and realleges paragraphs eleven (11) through Forty Nine (49) as if fully set forth herein verbatim.

51.   Plaintiff is entitled to be paid proper overtime rates of pay for each and every hour Plaintiff worked as a non-exempt Officer in excess of forty (40) hours in any given week during the three (3) year statute of limitations period between August, 2012 and the date this filing, and continuing.

52.   All similarly situated Officers and law enforcement employees employed with the City who comprise the Putative Class are likewise entitled to be paid their federally mandated overtime rates for each overtime hour that they worked and were not properly paid.

53.   Plaintiff and the putative class were all underpaid overtime wages by the Defendant's failure to properly calculate the regular rates of, specifically which did not include all longevity pay, annual incentive compensation and bonuses paid and all forms of remuneration.

54.   Defendant's actions are, and were at all times material, intentional, willful and unlawful, and lacking in a good faith reliance upon any legal authority for their position.

55.   By reason of Defendant's intentional, willful and unlawful acts, the Plaintiff and similarly situated Officers and Fire and Rescue employees of the Putative Class have suffered and continue to suffer damages.  As such, Defendant is liable for unpaid overtime compensation and an additional equal amount as liquidated damages. *Johnson v. Big Lots Stores, Inc.*, 604 F.Supp.2d 903 at 925 (E.D. La. 2009).

56.   Due to Defendant's FLSA violations, Plaintiff and similarly situated Officers of the Putative Class are entitled to recover from Defendant, the unpaid overtime compensation owed, an additional, equal amount as liquidated damages, prejudgment interest and reasonable attorneys' fees and costs pursuant to 29 U.S.C. 216(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually, and on behalf of all similarly situated Officers whom the Plaintiff seeks to represent in this action, requests the following relief:

a.   A declaratory that the practices complained of herein are unlawful under the FLSA and enjoin the Defendant from continuing to engage in such unlawful pay practices;

b.  Certification of this action as a collective action brought pursuant to 29 U.S.C §216(b);

c.  Designation of Plaintiff Gomory as a class representatives of this FLSA Collective Action on behalf of the Putative Class of Officers and law enforcement employees;

d.  That Plaintiff be allowed to deliver notice of this collective action and the right to opt into this case by Order of this Court at the earliest possible time to all past and present Officers during the three year period immediately preceding the filing of this suit, through and including the date of this Court's issuance by Court supervised notice;

e.  That the Court find the Defendant's violations of the FLSA were willful;

f.  That the Court award the Plaintiff and all similarly situated employees, the balance of all underpaid overtime compensation for all previous hours worked in excess of forty (40) for any given week during the past three (3) years in amounts to be determined at trial, AND liquidated damages of an equal amount to the unpaid overtime compensation;

g.  Costs of action incurred herein, including expert fees;

h.  Attorney's fees, including fees pursuant to 29 U.S.C. §216 and other applicable statutes;

i.  Pre-judgment and post-judgment interest as provided by law; AND

j.  Any other legal and equitable relief as this Court may deem appropriate.


Pursuant to Federal Rule of Civil Procedure, Rule 38, Plaintiff herein waives a right to jury trial.

Respectfully filed this 16th day of October 2015.

 /s/ Mitchell L. Feldman
MITCHELL L. FELDMAN, ESQ.
Florida Bar No.: 0080349
**Feldman Law Group P.A.**
1715 N. Westshore Blvd., Suite 400
Tampa, FL 33609
Tel: 813-639-9366
Fax: 813-639-9376
Email: Mfeldman@ffmlawgroup.com