UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMES GOMORY, individually, and on behalf of all others similarly situated who consent to their inclusion in a collective action,

    Plaintiff,

v.                          Case No: 2:15-cv-657-FtM-99MRM

CITY OF NAPLES,

    Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on review of Defendant's Motion to Dismiss or Alternatively Enforce Settlement and Tolling Agreements (Doc. #8) filed on November 24, 2015. Plaintiff filed a Response (Doc. #9) on December 8, 2015. For the reasons set forth below, the Motion is denied.

James Gomory (Plaintiff) initiated this case on October 22, 2015 by filing a one-count collective-action Complaint (Doc. #1) alleging that the City of Naples (Defendant) violated Section 207 of the Federal Labor Standards Act of 1938 (FLSA), 29 U.S.C. § 201 et seq. Section 207 requires employers to pay employees a minimum

amount of additional wages (i.e. "overtime") for time worked in excess of 40 hours per week.  29 U.S.C. § 207(a)(1).  Plaintiff alleges that Defendant underpaid his overtime wages by "failing to include non-discretionary bonuses, incentive pay, and additional, non-discretionary compensation in the calculation" of those wages.  (Doc. #1, pp. 4-5.)  Plaintiff contends that Defendant's miscalculations and underpayments were willful.  (Id. p. 5.)  He requests unpaid overtime wages in an amount to be determined at trial, liquidated damages, declaratory and injunctive relief, and fees, costs, and interest.[1]  (Id. pp. 10-11.)

The Motion to Dismiss or Alternatively Enforce Settlement and Tolling Agreements (Motion to Dismiss) (Doc. #8) seeks to dismiss the Complaint as a "shotgun pleading," as well as pursuant to Rule 12(b)(1) on the basis that there is no longer a "live" FLSA controversy, rendering the case moot.  Alternatively, Defendant seeks to enforce a prior tolling agreement and settlement between the parties.  The Court is not convinced by any of these arguments.

**A.   Shotgun Pleading**

Defendant contends that Plaintiff has engaged in shotgun pleading by failing to discuss "the complexity in resolving the

---

[1] Plaintiff also requests additional forms of relief related to the filing of this case as a collective action. (Doc. #1, p. 11.)

2

matter for police officers,"[2] and by citing "only general provisions of the FLSA." (Doc. #8, p. 3.) The Court does not see either of these issues as a pleading defect, nor identifies any other defect that would render the Complaint a shotgun pleading.

The Eleventh Circuit Court of Appeals recently delineated the "four rough types or categories of shotgun pleadings" that have been filed since 1985:

> The most common type — by a long shot — is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple Defendants without specifying which of the Defendants are responsible for which acts or omissions, or which of the Defendants the claim is brought against.

---

[2] The Court presumes that Defendant refers to "the matter" of determining and paying police officers overtime wages in accordance with the FLSA's mandates.

<u>Weiland v. Palm Beach Cnty. Sheriff's Office</u>, 792 F.3d 1313, 1321-23 (11th Cir. 2015). The Complaint in this case does not commit any of these four pleading sins. To the contrary, the Complaint involves only one count against only one Defendant, and that count is based on a single cause of action: Defendant's alleged violation of FLSA Section 207. <u>See</u> <u>Bean v. Fulton Cnty. Sch. Sys.</u>, Civil Action No. 1:07-CV-0484-JEC, 2008 WL 515007, at *3 (N.D. Ga. Feb. 22, 2008) (determining that no shotgun pleading had occurred where the "amended complaint contain[ed] only one count, which clearly and succinctly set[] forth the factual basis of Plaintiff's claim for unpaid overtime wages pursuant to 29 U.S.C. §§ 207 and 216(b)" and was "appropriately limited to facts that [were] relevant to Plaintiffs' FLSA claim"). The factual allegations made in paragraphs 11-49 and incorporated into Count I by paragraph 50 all appear relevant to Plaintiff's FLSA Section 207 cause of action. Accordingly, the Court concludes that the Complaint is not a shotgun pleading.

**B.    Mootness**

Defendant also seeks dismissal on the ground of mootness. The case is moot, Defendant asserts, because it has already paid Plaintiff more than was required by the FLSA "through a voluntarily [sic] self-correction and internal audit process" that reimbursed

4

Plaintiff $118.47 for unpaid overtime that accrued between January 1, 2011 and October 9, 2015. (Doc. #8 p. 2 & n.3.)

It is certainly true that mootness defeats a district court's Article III subject matter jurisdiction, which is limited to "live" cases and controversies. Lujan v. Defenders of Wildlife, 504 U.S. 555, 559 (1992); S. Miami Holdings, LLC v. FDIC, 533 F. App'x 898, 902 (11th Cir. 2013). As the Supreme Court recently summarized:

> Article III of the Constitution limits federal-court jurisdiction to "cases" and "controversies." We have interpreted this requirement to demand that an actual controversy be extant at all stages of review, not merely at the time the complaint is filed. If an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as moot. A case becomes moot, however, only when it is impossible for a court to grant any effectual relief whatever to the prevailing party. As long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot.

Campbell-Ewald Co. v. Gomez, 136 S. Ct. 663, 669 (2016) (internal citations and alterations omitted). The party seeking to establish mootness bears a heavy burden of persuading the Court that dismissal on such grounds is warranted. Beta Upsilon Chi Upsilon Chapter at the Univ. of Fla. v. Machen, 586 F.3d 908, 916 (11th Cir. 2009).

5

Even assuming that "mootness" is the proper framing of Defendant's jurisdictional challenge,[3] the Court cannot agree the case is moot, because it is disputed whether Defendant has paid Plaintiff all he is due under the FLSA, including liquidated damages.[4] See 29 U.S.C. § 216(b). Plaintiff alleges that, despite his attempts to obtain the data and documents supporting Defendant's overtime-wage calculations, these have remained in Defendant's possession.[5] (Doc. #9, p. 10.) He claims that, without these, he cannot determine whether – much less agree that - he has

---

[3] "The . . . concept of mootness focuses on whether a change of circumstance *after* the filing of the lawsuit brings an end to the controversy so that a ruling by the court would provide no meaningful relief." Lobianco v. John F. Hayter, Attorney at Law, P.A., 944 F. Supp. 2d 1183, 1186 (N.D. Fla. 2013) (emphasis added) (citing Sheely v. MRI Radiology Network, P.A., 505 F.3d 1173, 1189 n. 16 (11th Cir.2007)); see also Seay Outdoor Advert., Inc. v. City of Mary Esther, Fla., 397 F.3d 943, 946 (11th Cir. 2005). Here, conflicting evidence leaves unclear whether Defendant paid Plaintiff before or after Plaintiff filed suit on October 22, 2015. (Compare Doc. #8, ¶ 4, with Doc. #8-1.) If, in fact, Plaintiff received the $118.47 before filing his lawsuit, the issue of mootness would not be germane.

[4] Moreover, since the Complaint also requests declaratory and injunctive relief, it is not clear that full payment would moot Plaintiff's FLSA claim.

[5] Exhibits attached to the Motion to Dismiss and the Response tend to support this claim. (See Docs. ##8-4, 9-2.) Because the Motion to Dismiss involves a factual attack to this Court's subject matter jurisdiction, the Court may look outside of the allegations in the Complaint to resolve the mootness issue. Morrison v. Amway Corp., 323 F.3d 920, 924 n.5 (11th Cir. 2003).

been fully compensated (Id.) Dismissal in such instances, particularly before discovery has commenced, is inappropriate. Ramirez v. Urban Outfitters, Inc., cited in Plaintiff's Response, is particularly instructive on this point:

> Plaintiffs' interrogatories only provide estimates about the total amount of their damages, specifically noting that they need discovery, namely Defendant's payroll records, to accurately calculate their exact damages. In other words, the damages Plaintiffs claim in their interrogatories are merely their best guess, and not a demand for sum certain. As such, even assuming the Offer provided full relief of Plaintiffs' estimated damages at this time, the Court could not find that the parties have reached a consensus or that there was no dispute as to the actual amount of Plaintiffs' damages. On this basis alone, a dispute remains as to the amount of Plaintiffs' damages and dismissal is not appropriate.

No. 6:13-CV-1074-ORL, 2014 WL 4090546, at *5 (M.D. Fla. Aug. 15, 2014) (citation omitted), report and recommendation adopted, No. 6:13-CV-1074-ORL-22, 2014 WL 4385757 (M.D. Fla. Sept. 3, 2014); see also Evans v. Gen. Mech. Corp., No. 6:12-CV-229-ORL-31, 2012 WL 1450107, at *2 (M.D. Fla. Apr. 25, 2012) (deeming the finding of mootness on "full payment" grounds premature where the case was "in its infancy" and the plaintiff claimed he could not "determine the exact amount of damages" without access to records and also challenged the data and calculation methods used); Dionne v. Floormasters Enters., Inc., 667 F.3d 1199, 1201 (11th Cir. 2012)

7

(mentioning District Court's denial of defendant's motion to dismiss plaintiffs' FLSA claim where there existed "discrepancies between the Parties' assertions as to the amount of damages at issue" and "[t]he case [was] at the very early stages, and discovery ha[d] not yet begun").

The case to which Defendant cites, DeGraff v. SMA Behavior Health Servs., Inc., 945 F. Supp. 2d 1324 (M.D. Fla. 2013), is factually inapposite. In that case, the parties first exchanged information and conducted investigations and thereafter jointly presented the court with a proposed settlement agreement and moved to have the court dismiss the case with prejudice. Id. at 1327.

Defendant has not borne its burden of demonstrating that Plaintiff's FLSA claim is moot, and dismissal of Plaintiff's Complaint is not warranted at this time. Defendant's Motion to Dismiss is, therefore, denied.[6]

**C. Prior Tolling Agreement and Settlement**

Defendant also claims that, when Plaintiff filed his Complaint, he violated a tolling agreement in place between the parties, and that Plaintiff served his Complaint after having

---

[6] For the same reason, the Court denies Defendant's request that Plaintiff be dismissed from this action and replaced with Plaintiff's attorney, whom Defendant deems the "real party in interest." (Id. pp. 6-7.)

8

already reached a settlement with Defendant. (Doc. #8, p. 3.) In the alternative to dismissal, Defendant urges this Court to enforce the alleged tolling agreement and settlement. (Id. p. 6.) Plaintiff does not dispute the existence or validity of the tolling agreement but argues that, before filing suit, he properly dissolved the agreement pursuant to one of the dissolution procedures outlined therein. (Id.) Plaintiff denies that the parties had, at any point, reached a settlement. (Id.)

Defendant does not identify under which Federal Rule of Civil Procedure this request is properly raised. The Complaint does not reference a tolling agreement or a settlement, and determinations as to the existence, terms, and enforceability thereof would require a factual inquiry that is not appropriately undertaken when resolving a non-jurisdictional dispute. If Defendant believes Plaintiff has violated a tolling agreement and settlement, it may make such assertions in its responsive pleading.

The Court additionally observes that in this Circuit, "employers may not privately resolve [an FLSA] coverage issue by compromising with an individual employee." Dees v. Hydradry, Inc., 706 F. Supp. 2d 1227, 1234 (M.D. Fla. 2010). Indeed, "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees," Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352 (11th Cir. 1982), only one

9

of which is applicable here.  Where a lawsuit has already been filed, the sole avenue for compromise open to the employer is for the employee, or the parties jointly, to submit a proposed settlement to the district court and obtain approval thereof.  Id. at 1353.  Private settlement agreements reached prior to the lawsuit "have no effect in releasing the employer from liability under the FLSA," id. at 1352, and judicial approval of such agreements "would be in clear derogation of the letter and spirit of the FLSA."  Id. at 1354.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss or Alternatively Enforce Settlement and Tolling Agreements (Doc. #8) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this   5th   day of February, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of record

10