UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION

JAMES GOMORY, individually,
and on behalf of all others
similarly situated who
consent to their inclusion
in a collective action,

           Plaintiff,

v.                                    Case No: 2:15-cv-657-FtM-99MRM

CITY OF NAPLES,

           Defendant.
_____

                         **OPINION AND ORDER**

     This matter comes before the Court on Defendant's Objection to Magistrate Judge's Order Denying Joint Motion to Approve Settlement Without Compromise (Doc. #21) filed on June 13, 2016. Plaintiff has not filed a response, and the time to do so has expired. For the reasons stated and as set forth below, the Court overrules Defendant's Objection but makes two minor modifications to the Order.

                                  I.

     James Gomory (Plaintiff) initiated this case on October 22, 2015 by filing a one-count collective-action Complaint (Doc. #1), which alleges that the City of Naples (Defendant) violated Section 207 of the Federal Labor Standards Act of 1938 (FLSA), 29 U.S.C. § 201 et seq., by admittedly underpaying his and other employees' overtime wages.  Defendant contends that Plaintiff had already

been "made whole" prior to filing his Complaint by corrective payments Defendant voluntarily made after discovering the payment error.

On May 25, 2016, the parties filed a Joint Motion to Approve Settlement Without Compromise (Joint Motion) (Doc. #19), to which they attached their proposed Settlement Agreement and Specific Release (Proposed Settlement Agreement) (Doc. #19-1).  At the time the Joint Motion was filed, there were (and still are) eight opt-in plaintiffs (the Opt-ins).[1]

On May 31, 2016, the Magistrate Judge issued an Order (Doc. #20) denying the Joint Motion without prejudice and instructing the parties to file an Amended Joint Motion providing certain information not contained in the original Joint Motion and Proposed Settlement Agreement – namely, the names of the individuals bound by the Proposed Settlement Agreement, including a clarification as to whether the parties contend that Mr. Ankenbauer and Mr. Herman are bound, as well as the amount of damages claimed by and paid to Plaintiff and each Opt-in, including any liquidated damages.  The Magistrate Judge also ordered the parties to provide a Settlement Agreement signed and dated by Defendant, since only Plaintiff signed and dated the Proposed Settlement Agreement, as well as to submit a signed settlement agreement for each Opt-in.

---

[1] Originally, there were ten Opt-ins, but two individuals – Charles Ankenbauer (Mr. Ankenbauer) and Michael Herman (Mr. Herman) – withdrew their consent on or about March 2, 2016 (Doc. #14).

Defendant subsequently filed a version of the Proposed Settlement Agreement signed and dated by both Plaintiff and Defendant but raised five objections to other aspects of the Magistrate Judge's Order: i) The denial was inconsistent with the Court's FLSA Scheduling Order (Doc. #10), which states "If the parties settle Plaintiff's claim, in full, <u>without compromise</u>, . . . the parties may file a Notice of Settlement indicating it is 'without compromise,' and the case will be closed without further review."; ii) Liquidated damages are "inapplicable here," since there has been no "finding of a violation of the FLSA"; iii) Even if liquidated damages are recoverable, they have already been "paid," since, under the terms of the Proposed Settlement Agreement, Defendant is paying Plaintiff and each Opt-in an additional fifty (50) dollars; iv) It is already clear that the Settlement Agreement is binding *only* on Plaintiff and the eight remaining Opt-ins; and v) Plaintiff is authorized to settle on the Opt-ins' behalf, and thus signed settlement agreements for each are not needed.

**II.**

Pursuant to 28 U.S.C. § 636(b)(1)(A), a district judge may designate a magistrate judge to hear and determine certain non-dispositive pretrial matters. Where, as here, a party files written objections to the magistrate judge's order, "[t]he district judge in the case must consider timely objections and

modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72; see also 28 U.S.C. § 636(b)(1)(A); Liberty/Sanibel II Ltd. P'ship ex rel. Gen. Partner, LRE Props., Inc. v. Gettys Grp., Inc., No. 2:06-CV-16-FTM-29SPC, 2007 WL 1109274, at *1 (M.D. Fla. Apr. 12, 2007).  "Clear error is a highly deferential standard of review. . . . [A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Holton v. City of Thomasville Sch. Dist., 425 F.3d 1325, 1350 (11th Cir. 2005) (quotation and internal citation omitted).  Although the Court finds it prudent to make two slight modifications to the Magistrate Judge's Order, the Court concludes that the Magistrate Judge did not commit any "mistakes" and, accordingly, overrules Defendant's Objection.

    **A.  Providing Additional Information on the Terms of the Settlement Agreement**

Judicial oversight of FLSA settlements is typically required only where the settlement constitutes a "compromise" of the plaintiff's claims.  E.g., King v. My Online Neighborhood, Inc., No. 606-CV-435-ORL-22JGG, 2007 WL 737575, at *3 (M.D. Fla. Mar. 7, 2007) ("Where the employer offers the plaintiff full compensation on his FLSA claim, no compromise is involved and judicial approval is not required." (citing Mackenzie v. Kindred Hosps. E., L.L.C., 276 F. Supp. 2d 1211, 1219 (M.D. Fla. 2003))).  Consistent

therewith, this Court's FLSA Case Management and Scheduling Order (CMSO) states that a case will be closed upon the filing of a Notice of Settlement averring that the case has been settled "without compromise." Defendant argues that it was thus improper for the Magistrate Judge not to summarily grant the Joint Motion and approve the Proposed Settlement Agreement.

As an initial matter, the Court is aware of no authority *preventing* a judge from scrutinizing a proposed FLSA settlement agreement for fairness – particularly where that agreement is provided to the court for approval.[2] See Szymialis v. Cossu & Lukasiewicz, P.A., No. 2:11-CV-672-FTM-29DNF, 2012 WL 3984861, at *2 (M.D. Fla. Sept. 11, 2012) (rejecting plaintiff's assertion that "she ha[d] not compromised her claim" as "clearly inaccurate" and proceeding to review settlement terms). More to the point, the Magistrate Judge's actions did not "conflict" with the terms of the CMSO, since **the parties never filed a Notice of Settlement stating that they had settled Plaintiff's and the Opt-ins' claims**

---

[2] The case Defendant cites in its Objection to support the contention that it was "clearly erroneous" for the Magistrate Judge to "refus[e] to accept the stipulated settlement at face value" is inapposite and, in fact, highlights the deficiencies in the parties' filings. (Doc. #21, ¶ 11.) Morgan v. LCT Transportation, LLC involved a "Joint Stipulation for Dismissal with Prejudice" that stated the plaintiff was "paid full overtime damages, including liquidated damages," and provided the amounts paid as actual and liquidated damages. No. 5:10-CV-00358-OC-32JBT, 2010 WL 5262725, at *1 (M.D. Fla. Nov. 4, 2010) (emphasis added), report and recommendation adopted, No. 5:10-CV-358-J-32JBT, 2010 WL 5262724 (M.D. Fla. Dec. 17, 2010).

**without compromise**. Instead, they filed a "Joint Notice of Pending Settlement" (Doc. #15) requesting a two-week stay to finalize a settlement agreement. In no uncertain terms, the Magistrate Judge's Order granting that request (Doc. #16) stated that, to the extent the parties' forthcoming settlement was reached without compromise, "a joint notice . . . indicating that the FLSA claim was not compromised" was all that was required. (Id. p. 2.) Only "[i]f the FLSA claim was compromised" did the parties need to "file a Joint Motion for Approval of Settlement." (Id.)

The parties did not follow these clear instructions. Instead, despite contending that Plaintiff's and the Opt-ins' claims had been settled without compromise, the parties proceeded to file their Joint Motion *requesting judicial approval* of the Proposed Settlement Agreement attached to the Motion. Accordingly – and appropriately - the Magistrate Judge reviewed the Joint Motion and the terms of the Proposed Settlement Agreement. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982) ("When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." (citations omitted)). Upon review of the record before him, the Magistrate Judge found he could not agree that Plaintiff's and the Opt-ins' claims had not been compromised, since it was unclear how much

overtime each individual claimed to be owed and had been paid, and whether any individual had been paid liquidated damages.

The undersigned agrees completely. In spite of the 1683 pages of "payment details" attached to the Joint Motion, it is not clear whether Plaintiff and the Opt-ins were paid all of the overtime wages they claimed to be owed. If not, their claims have been compromised. Bonetti v. Embarq Mgmt. Co., 715 F. Supp. 2d 1222, 1226 (M.D. Fla. 2009) ("Broadly construed, a compromise would entail any settlement where the plaintiff receives less than his initial demand."). So too if they were not paid liquidated damages. Id. at 1227 n.7 ("[A] settlement in which the plaintiff would receive every penny of the wages or overtime he originally claimed was due may nonetheless be seen as a compromise — if, for example, the plaintiff wav[i]es his right to recover liquidated damages — thereby requiring judicial approval.").

Defendant's contention that "there has been no showing of FLSA liability or violations" entitling Plaintiff and the Opt-ins to an award of liquidated damages is simply not correct. In an October 21, 2015 letter to its "Law Enforcement Employees," Defendant admitted to "not correctly calculating the FLSA overtime rate," thereby underpaying its workers' overtime wages, at least since as early as January 3, 2011. (Doc. #8-1.) The failure to timely pay proper overtime wages is an FLSA violation. 29 U.S.C. § 207; see also 29 C.F.R. § 778.106. Because Defendant violated

the FLSA, Plaintiff and the Opt-ins are presumptively entitled to an award of liquidated damages equal to the amount of overtime wages they were underpaid. 29 U.S.C. § 216 ("Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their . . . unpaid overtime compensation . . . and in an additional equal amount as liquidated damages.").

Because it is unclear whether the amount paid to Plaintiff and the Opt-ins through Defendant's "self-correction" process - when added to the extra $50 proposed under the Settlement Agreement - is at least twice the amount of overtime wages Plaintiff and the Opt-ins claim they were owed, the Court cannot determine whether the proposed settlement was indeed "reached without compromise." The Magistrate Judge's Order was, therefore, not "clearly erroneous," and the Court overrules Defendant's objection.[3]

**B.   Providing Signed Settlement Agreements for Each Opt-in**

The Magistrate Judge also found it unclear whether the Opt-ins independently consented to the Proposed Settlement Agreement, and whether Plaintiff had the authority to settle the Opt-ins'

---

[3] The Court observes that if the terms proposed in the Settlement Agreement are, in fact, a compromise of the Plaintiff's or the Opt-ins' claims, the "Confidentiality" provisions contained therein are likely void and unenforceable. Dees v. Hydradry, Inc., 706 F. Supp. 2d 1227, 1243 (M.D. Fla. 2010) ("[A] district court should reject as unreasonable a compromise that contains a confidentiality provision, which is unenforceable and operates in contravention of the FLSA.").

claims. Consequently, he ordered the parties to submit a signed Settlement Agreement for each Opt-in. Defendant argues that the Consent to Join forms signed by each Opt-in gave Plaintiff and his attorney the authority to settle their claims, and thus no additional signed agreements should be required.

It is true that each Consent to Join form "authorize[s] the named Plaintiff, along with counsel of record . . . to represent [the Opt-in] in this lawsuit[] . . . and to negotiate a settlement of any and all compensation claim(s) . . . against the Defendant under the Fair Labor Standards Act." (Doc. #5.) But to the extent this provision (or any other) purports to authorize Plaintiff and his counsel to settle - perhaps even compromise - the Opt-ins' claims without at least informing them of the proposed settlement terms and soliciting any objections, it may very well be void as against public policy, especially since consent can always be revoked. However, in lieu of requiring the parties to submit a signed Settlement Agreement for each Opt-in, the parties may instead include language in the Settlement Agreement that all Opt-ins have been informed of the terms of the Agreement, have expressed no objection thereto, and agree that their claims have not been compromised – assuming that is indeed the case.

### C. Clarification as to Whether the Settlement Agreement Is Binding on the Opt-ins who Withdrew Consent

Defendant also objects to the Magistrate Judge's order that the parties clarify whether the Proposed Settlement Agreement

applies to Mr. Ankenbauer and Mr. Herman. Defendant believes it unnecessary to provide this information, since "the parties never requested" an order dismissing the case with prejudice against Mr. Ankenbauer and Mr. Herman. (Doc. #21, ¶ 12.) According to Defendant, "[i]ndividuals that are no longer parties to the action are unaffected." (Id.) But the first paragraph of the Proposed Settlement Agreement states that the agreement "is made and entered into by, between, and among, James Gomory . . . together all [sic] others similarly situated **who consented to their inclusion in a collective action** . . . and the City of Naples." As it reads now, it is unclear whether the "consented to" language in the Proposed Settlement Agreement would encompass Mr. Ankenbauer and Mr. Herman, since they *did* consent to their inclusion in Plaintiff's collective action; they just subsequently withdrew that consent.

     Rather than allow this ambiguity as to Mr. Ankenbauer and Mr. Herman to persist, the Court agrees that the better option is to require the parties to identify, by name, all individuals bound by the Proposed Settlement Agreement. However, because the Court is modifying the Magistrate Judge's Order to permit the parties to include a statement in the Settlement Agreement that all Opt-ins are aware of and do not object to the terms of the non-compromised settlement, the Court also finds it appropriate to require the names of all Opt-ins who are part of the agreement to be listed in the Settlement Agreement itself, not just in the Amended Joint

Motion, as the Magistrate Judge ordered.

Accordingly, it is hereby

**ORDERED:**

Defendant's Objection to Magistrate Judge's Order Denying Joint Motion to Approve Settlement Without Compromise (Doc. #21) is **OVERRULED**. Within ten days of the date of this Order, the parties must comply with the Magistrate Judge's May 31, 2016 Order (Doc. #20), **modified as follows**: *if* - in lieu of submitting signed and dated Settlement Agreements for each Opt-in plaintiff, as the Magistrate Judge ordered – the parties choose to include a statement in the Settlement Agreement that all Opt-in plaintiffs are aware of the settlement terms, do not object thereto, and agree that their claims have not been compromised, *then* the Settlement Agreement must also list the name of each individual bound thereby.

**DONE and ORDERED** at Fort Myers, Florida, this 24th day of August, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
The Hon. Mac R. McCoy
Counsel of Record